Troutman Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Amanda Lyn Genovese**

October 5, 2018

Hon. Renee Bumb, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Dautrich v. Nationstar Mortgage LLC, et al.*
      Civil Action No.: 1:15-cv-8278-RMB-KMW
      <u>Response to Magistrate Judge Karen M. Williams' Order at Dkt. 90</u>

Dear Judge Bumb:

      This firm represents Defendant Nationstar Mortgage LLC ("Nationstar") in the above-referenced matter.  Yesterday, Magistrate Judge Karen M. Williams issued an order (the "Order") concerning witnesses for trial and, with respect to Nationstar, deferred a determination as to whether a corporate representative different than the Rule 30(b)(6) witness deposed on behalf of Nationstar, Ms. Crystal Clopton ("Ms. Clopton"), can testify at trial.  We submit this short letter in response to the Order and, in addition, to inform the Court that we will be fully prepared to discuss this issue at the hearing on October 12, 2018.

      As background, Ms. Clopton was previously deposed by Plaintiffs' counsel as Nationstar's designated corporate representative ***in her capacity as Nationstar's Rule 30(b)(6) witness***.  At this time, however, Ms. Clopton is no longer employed by Nationstar and, as such, Nationstar is prepared to produce Mr. A.J. Loll ("Mr. Loll") to testify at trial on behalf of Nationstar, in place of Ms. Clopton, without an additional, unnecessary deposition.

      Nationstar submits to the Court that no party will be prejudiced by Mr. Loll testifying on behalf of Nationstar.  Ms. Clopton was never individually involved with Plaintiffs' mortgage loan, the issues surrounding Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim and/or tort claim and, as such, was not a factual witness with regard to any specific knowledge she had pertaining to the remaining circumstances at issue in this case.  Nationstar merely seeks to allow Mr. Loll to testify as its corporate representative at trial.  Nationstar knows of no law, based upon the facts at hand, that would preclude Mr. Loll for testifying as the corporate representative.

      In *Pedroza v. Lomas Auto Mall, Inc.*, No. 07-0591, 2009 U.S. Dist. LEXIS 46552 (D.N.M. Apr. 6, 2009), a corporate defendant indicated that it might need to substitute its representative at trial in place of its prior corporate designee at its Rule 30(b)(6) deposition.  Plaintiffs asked the

court, not to disallow the substitution, but to prevent the new representative from contradicting the earlier deposition testimony. The court rejected the Plaintiff's approach, holding that Rule 30(b)(6) testimony is "like other testimony[]" that can be "controverted or explained by the party":

> Rule 30(b)(6) requires organizations to designate representatives to speak for them. Absent [R]ule 30(b)(6), organizations would have no voice, being legal abstractions, or else speak in a cacophony of disparate statements, given the many people that make up most organizations. Nothing in [R]ule 30(b)(6)'s language, however, indicates that, aside from officially speaking for the organization, the representative's testimony is somehow treated differently than others' testimony. Any fact witness may say one thing at a deposition and another at trial. If [R]ule 30(b)(6) meant for corporate representatives to be treated differently than other witnesses, presumably the rule would have said so. . . . Should [this defendant] end up with a new representative and should have representative's testimony begin to veer away from what Kunz said, . . . [p]laintiffs have the means to impeach the new representative. This safeguard is sufficient.

2009 U.S. Dist. LEXIS 46552, at *25 (footnote omitted). In allowing the testimony, the court concluded that this corporate defendant "will have to live with the consequences of two witnesses telling two different stories." *Id.*

In the same light, in *Ruth v. A.O. Smith Corp.*, No. 04-18912, 2006 U.S. Dist. LEXIS 7361, at *28-30 (N.D. Ohio Feb. 27, 2006), the court found that changing corporate witnesses for trial is forbidden **only** when a party first provides a non-responsive 30(b)(6) deponent and later tries to call a more-responsive witness at trial that courts have excluded the witness—which is not, nor has it been suggested, the case here. In *Ruth*, the defendant sought to offer a new representative as its corporate witnesses at trial—someone other than who had been deposed as the Rule 30(b)(6) designee. The plaintiff argued that doing such was unfair and inappropriate, and that being forced to impeach the corporate designee at trial with the prior Rule 30(b)(6) testimony will be confusing to the jury. The court disagreed and held that:

> Generally, testimony from a 30(b)(6) witness can be contradicted or used for impeachment at trial, just like any other deposition testimony; ***it is only when a party first provides a non-responsive 30(b)(6) deponent and later tries to call a more-responsive witness at trial that courts have excluded the witness***. Accordingly, Hobart may call McClellan at trial, with the understanding that Ruth may: (1) proffer Sabel's deposition testimony in Ruth's case-in-chief; (2) adduce the fact that McClellan was not designated until after Sabel had testified; and (3) use Sabel's testimony for any other relevant purpose (including impeachment of McClellan).

*Id.*, at *30 (emphasis added).

October 5, 2018
Page 3



As with *Ruth*, there is no suggestion (nor has there been any insinuation) that Nationstar produced a non-responsive witness at its Rule 30(b)(6) deposition. To the extent that counsel wishes to impeach or cross examine Mr. Loll based upon the Rule 30(b)(6) testimony (to the extent they believe Mr. Loll's testimony to be inconsistent therewith), the safeguard of cross examination and impeachment, as specifically recognized by the courts, sufficiently protects counsel and Plaintiffs. *See National Credit Union, Administration Board v. Cumis Insurance Society, Inc.*, No. 11-1739, 2015 U.S. Dist. LEXIS 147597 (N.D. Ohio Oct. 30, 2015) (holding under similar arguments that "[u]nder these circumstances, the Court is not inclined to bar Ms. Martin from testifying at trial on the basis that Ms. Murphy's testimony was non-responsive. Of course, to the extent Plaintiff's damages evidence at trial contradicts the testimony offered during the Rule 30(b)(6) deposition, Cumis can use that deposition testimony for impeachment purposes. However, to the extent evidence offered at trial merely clarifies and updates the testimony offered during the Rule 30(b)(6) deposition, "no rule of evidence or civil procedure requires its exclusion on that basis alone.") (citation omitted).

In short, Mr. Loll should be permitted to testify as Nationstar's corporate representative at trial, in place of Ms. Clopton, without the need for an additional, unnecessary deposition. Again, we will be prepared to discuss this issue with Your Honor at the hearing on October 12, 2018.

We thank Your Honor for your consideration of this matter.

Respectfully submitted,

Amanda Lyn Genovese

Cc: All Counsel of Record (via ECF)