IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID R. DAUTRICH;<br>DIANE M. DAUTRICH,<br><br>　　　Plaintiffs,<br><br>　　　　　vs.<br><br>NATIONSTAR MORTGAGE LLC;<br>SAFEGUARD PROPERTIES;<br>JOHN DOES I-X,<br><br>　　　Defendants. | Civil Action No. 1:15-cv-08278-RMB-KMW |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO REGARDING DEFENDANT NOT BEING ADVERSELY AFFECTED BY THE VERDICT**

**MARCUS ZELMAN, LLC**

**Yitzchak Zelman, Esq.**
**Ari H. Marcus, Esq.**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Phone:　　(732) 695-3282**
**Fax:　　　(732) 298-6256**
*Attorney for the Plaintiffs*

## ARGUMENT

Plaintiffs' will present evidence at trial that Defendant violated the FDCPA in a number of distinct ways. Nationstar engaged in acts of harassment or abuse prohibited by §1692d, threatened to take action that cannot legally be taken in violation of §1692e, and engaged in unfair practices seeking to dispossess Plaintiffs of their property in violation of §1692f when Nationstar hired a third party company to break into Plaintiffs home, change the locks and engage in conduct causing damage to the property. The second distinct violation resulted from Nationstar's repeated sending of false, deceptive and misleading debt collection letters over an eleven month period in violation of §1692e.

A motion *in limine* is designed to narrow evidentiary issues for trial and to eliminate unnecessary interruptions during trial. *Bradley v. Pittsburgh Bd. Of Educ*, 913 F.2d 1064, 1069 (3d Cir. 1990). The purpose of a motion *in limine* is to bar "irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrow[ing] the evidentiary issues for trial." *Id.* (internal quotation marks omitted). However, "[t]he Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996).

In this action, the Plaintiff is seeking $1,000.00 in statutory damages, along with attorneys' fees and costs. However, the Plaintiff is also seeking an award of actual damages, in an amount to be decided by the jury, for the emotional distress worked upon them by Defendant's actions in illegally breaking into their home all to protect the Defendant's precious collateral. The Plaintiff hardly intends to put on an all-day presentation as to the detailed condition of the Defendant's financial outlook. Certainly, however, the jury is entitled to hear that the Defendant is a large

company with extensive assets available, in deciding how much money to award the Plaintiffs on their claim for actual damages.

As such, Defendant's Motion to prevent the jury from simply hearing the inescapable fact that Defendant is a large mortgage company, who would be unaffected by any verdict the jury could award, should be denied.


Dated: October 11, 2018

                              MARCUS ZELMAN, LLC

                              /s/ Yitzchak Zelman
                              Yitzchak Zelman, Esq.
                              Ari H. Marcus, Esq.
                              701 Cookman Avenue, Suite 300
                              Asbury Park, New Jersey 07712
                              Phone:   (732) 695-3282
                              Fax:      (732) 298-6256
                              *Attorney for the Plaintiffs*